# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3263 | **DATE** | 10/27/2010 |
| **CASE TITLE** | RONALD BELL et al. v. VILLAGE OF STREAMWOOD et al. | | |

**DOCKET ENTRY TEXT**

Defendant James Mandarino's motion for more definite statement [23] is denied. Mandarino shall answer or otherwise respond to the complaint by November 10, 2010. **SEE BELOW FOR DETAILS.**

*/s/ Suzanne B. Conlon*

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Ronald Bell, Nolan Stalbaum, Stacey Bell and Sheila Bell (collectively, "plaintiffs") filed a first amended complaint ("the complaint") asserting five counts pursuant to 42 U.S.C. § 1983 and six state law claims. Defendant James Mandarino filed a motion for more definite statement contending that he could not determine (a) whether Paragraphs 6-17 and 20-24 of the complaint referred to plaintiff Ronald Bell or plaintiff Stacey Bell, (b) which plaintiff is seeking relief under each count of the complaint and (c) which of the counts had been brought against which of the defendants.

The Federal Rules of Civil Procedure provide that a more definite statement is appropriate where the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) motions are generally disfavored and should be granted only when the notice function of the complaint is undermined by a pleading that is ''so unintelligible that the movant cannot draft a responsive pleading.''" *McDorman v. Smith*, 437 F. Supp. 2d 768, 779-80 (N.D. Ill. 2006) (quoting *Remien v. EMC Corp.*, No. 04 C 3727, 2004 WL 2381876, at *2 (N.D. Ill. Oct. 19, 2004) (quoting *United States for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987))).

A more definite statement is not necessary for Mandarino to answer or otherwise respond to the complaint. First, the complaint delineates between Ronald Bell and Stacey Bell. Paragraphs 6-15 describe the alleged attack of Ronald Bell; Paragraphs 16, 17, and 21-24 refer to Ronald Bell by name; and Paragraphs 15 and 19 refer to Stacey Bell by name. Paragraph 20 refers to the "Bells' home," and Paragraph 4 states that Ronald Bell resided with Stacey Bell and Sheila Bell.

Second, in their complaint and response to the motion, plaintiffs identify which plaintiff seeks relief under each count. Mandarino recognizes in his Reply that plaintiffs have clarified the respective plaintiff as to

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

# STATEMENT

Counts I-III, VIII, IX, X and XI.  *See* Reply at 3.  Mandarino did not raise Count V of the complaint, as plaintiffs explain that Ronald Bell is the only plaintiff seeking relief under that count.  In their response, plaintiffs clarify that Count IV is asserted by Ronald Bell, Nolan Stalbaum and Stacey Bell; Count VI is asserted only by those plaintiffs "who allege having physical contact with the officers;" and Count VII is asserted by Ronald Bell, Nolan Stalbaum and Stacey Bell.  *See* Response at 5.

Third, plaintiffs allege in the complaint the defendant who committed each wrongful act, where known.  Plaintiffs contend that at this stage of the case, they cannot provide additional specifics as to which defendant police officer committed the other alleged wrongful acts.  Response at 6.  Given the nature of the case, more specificity is not required.  *Duarte v. City of Chicago*, No. 90 C 181, 1990 WL 165302, at *1 (N.D. Ill. Oct. 25, 1990).  The particularity standards of Rule 9(b) of the Federal Rules of Civil Procedure are not applicable.  *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, No. 87 C 9853, 1988 WL 107545, at *1-*2 (N.D. Ill. Oct. 13, 1988).  In addition, unlike *Henderson v. Adams*, No. 06 C 6451, 2007 WL 1958574 (N.D. Ill. June 29, 2007), plaintiffs set forth a narrative of the alleged events in their complaint, including the date, location and where able to do so, the alleged acts of each defendant.  Mandarino is able to prepare a responsive pleading.  The complaint puts Mandarino on notice of the general claims against him.  As this court has previously recognized, "[a]t this stage, discovery, not a second amended complaint, is the appropriate means for developing the issues."  *Varvaris v. Delia*, No. 96 C 1904, 1996 WL 521287, at *2 (N.D. Ill. Sept. 11, 1996).  Based upon the foregoing, Mandarino's motion is denied, and Mandarino shall answer or otherwise respond to the complaint by November 10, 2010.

*/s/ Suzanne B. Conlon*